UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| SEAN DAVID COTTLE, | Case No. 3:12-cv-00645-MMD-WGC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| NEVADA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendant. | |

Before the Court are plaintiff's motion for leave to amend complaint (dkt. no. 19), motion for leave to extend parts B, C on amended complaint (dkt. no. 20), and motion for leave to add the previous exhibits from original complaint to amended complaint (dkt. no. 21). The Court finds amendment of the complaint would be futile, and the Court denies the motion for leave to amend complaint.

The Court had dismissed some of plaintiff's claims from the original complaint. Screening Order (dkt. no. 4). The proposed amended complaint omits the claims that the Court had dismissed. The proposed amended complaint also adds a new count III. Plaintiff alleges that defendants Cox and Bannister have retaliated against him for the commencement of this action, by cancelling his appointment to the Hopes clinic. "A prisoner suing prison officials under section 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).

The proposed count III contains two defects. First, and fatal, is that the facts petitioner alleges in count III make a claim of retaliation impossible. Based upon the exhibits attached to other documents, plaintiff was informed on January 9, 2013, that there was no Hopes clinic for that month. Plaintiff alleges that defendants Cox and Bannister started cancelling his appointments after plaintiff commenced this action in December 2012.[1] However, the defendants did not have notice of this action any earlier than January 29, 2013, when the Court entered its Screening Order (dkt. no. 4) and electronically served the Attorney General of the State of Nevada with a copy of the complaint. Defendants Cox and Bannister would have needed the ability to see into the future to retaliate in the manner that plaintiff alleges.

Second, plaintiff has not alleged any facts indicating that defendants Cox and Bannister had any personal knowledge or involvement in the cancellation of the appointment. The Court has already explained in the Screening Order (dkt. no. 4) that supervisors such as Cox and Bannister cannot be held personally liable for the actions of subordinates, unless they had personal knowledge or involvement in the challenged acts. *See Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680 (9th Cir. 1984). The exhibits attached to other documents included communications between plaintiff and prison medical staff members, not defendants Cox or Bannister. Without facts connecting defendants Cox and Bannister to the cancellation of his appointment, amendment of the complaint would be futile.

The denial of the motion for leave to amend the complaint (dkt. no. 19) makes moot the motion for leave to extend parts B, C on amended complaint (dkt. no. 20) and the motion for leave to add the previous exhibits from original complaint to amended complaint (dkt. no. 21). The Court denies these motions, too.

///

---

[1] The Court will write as if plaintiff had an appointment that was cancelled. However, plaintiff's own exhibits indicate that he never had any such appointment at the Hopes clinic.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to amend the complaint (dkt. no. 19) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for leave to extend parts B, C on amended complaint (dkt. no. 20) and motion for leave to add the previous exhibits from original complaint to amended complaint (dkt. no. 21) are DENIED as moot.

DATED THIS 27th day of August 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE