**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

SEAN DAVID COTTLE,                )   3:12-cv-00645-MMD-WGC
                                  )
                     Plaintiff,   )   **ORDER**
                                  )
vs.                               )
                                  )
NEVADA DEPARTMENT OF              )
CORRECTIONS, et. al.              )
                     Defendants.  )

Before the court is Plaintiff's motion for an examination under Federal Rule of Civil Procedure 35. (Doc. # 40.)[1] Defendants filed a limited opposition (Doc. # 42) and Plaintiff filed a reply brief (Doc. # 49). For the reasons set forth below, Plaintiff's motion is **DENIED**.

**I. BACKGROUND**

At all relevant times, Plaintiff Sean D. Cottle was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Compl. (Doc. # 11).) The events giving rise to this litigation took place while Plaintiff was housed at High Desert State Prison (HDSP) and Ely State Prison (ESP). (*Id.*) Plaintiff, a pro se litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) Defendants are James Cox and Robert Bannister. (*See id.*, Screening Order at Doc. # 4.)

---
[1] Refers to court's docket number.

1

Plaintiff alleges that he is infected with human immunodeficiency virus (HIV). He contends that the treatment he receives in prison is inadequate. He maintains that his count of immune system CD4 cells has been dropping, and when his count reaches 200 or less, he will have acquired immune deficiency virus (AIDS). Plaintiff avers that he is not receiving the medication or other treatment he needs to keep up his CD4 cell count.[2]

Plaintiff requests an order pursuant to Federal Rule of Civil Procedure 35 for an examination, physical and blood tests. (Doc. # 40 at 1.) He asserts that NDOC physicians are not specialists in HIV and argues that their opinions will be biased and one-sided. (*Id*. at 3.) In support of his argument he contends that NDOC contracts with outside specialists to provide chronic care to inmates with HIV/AIDS. (*Id*.) Plaintiff requests that he be examined by an independent HIV specialist to prove that his low CD4 numbers and poor condition are the result of NDOC's deliberate indifference. (*Id*. at 4.)

Defendants argue that Plaintiff misconstrues the purpose of Rule 35 when he seeks to compel an examination of himself (although they concede he has a right to arrange his own examination at his own expense). (Doc. # 42 at 2-3.) To the extent the court grants a motion and Plaintiff seeks an outside blood test, Defendants contend Plaintiff should bear any expense associated with the procedure. (*Id*.)

In his reply brief, Plaintiff asserts that he is an indigent, pro se plaintiff and NDOC is legally responsible for his medical expenses. (Doc. # 49.)

///

---

[2] Plaintiff has filed two motions for leave to amend his complaint. The first motion (Doc. # 19) was denied by United States District Judge Miranda M. Du (Doc. # 34) and a motion for reconsideration of that order (Doc. # 39) is currently pending. The second motion (Doc. # 57 and related Docs. # 58, # 59) is being addressed in a separate report and recommendation. In addition, Plaintiff's renewed motion for a temporary restraining order/preliminary injunction (Doc. # 22) is pending and is being set for an evidentiary hearing.

## II. DISCUSSION

**A. Federal Rule of Civil Procedure 35**

Federal Rule of Civil Procedure 35 provides in pertinent part:

> The court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

Fed. R. Civ. P. 35(a)(1). Such an order "may be made only on motion for good cause and on notice to all parties and the person to be examined[.]" Fed. R. Civ. P. 35(a)(2).

Typically, as Plaintiff recognizes (*see* Doc. # 40 at 2), Federal Rule of Civil Procedure 35 is invoked when one party (usually a defendant) seeks to have an opposing party (usually a plaintiff) submit to a mental or physical examination. *See Schlagenhauf v. Holder*, 379 U.S. 104, 110 (1964). Here, Plaintiff seeks an order for his own examination.

Courts faced with this issue have consistently concluded that Rule 35 may not be used by a section 1983 inmate plaintiff to secure either medical treatment for the plaintiff or to obtain expert witness testimony to advocate on the plaintiff's behalf. *See, e.g., Foster v. Lombardi*, No. 1:12-CV-00116-JAR, 2013 WL 3820718 (E.D. Mo. July 23, 2013) ("Rule 35 does not vest the court with authority to appoint an expert to examine a party on his own motion"); *Antonetti v. Skolnik*, 3:10-cv-00158-LRH-WGC, 2013 WL 593407, at * 4 (D. Nev. Feb. 13, 2013) (citing *Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997) (to the extent plaintiff's motion under Federal Rule of Evidence 706 could be construed as  a request for a medical examination under Federal Rule of Civil Procedure 35, it is improper); *Quintana v. Swartout*, 2:09-cv-3221 KJM CKD P, 2012 WL 5499872, at * 3 (E.D. Cal. Nov. 13, 2012) (denying inmate prisoner's request for medical examination under Rule 35 in section 1983 case); *Jenkins v. Doe*,

No. 3:09CV1194 (SRU) (WIG), 2011 WL 121682, at * 1 (D. Conn. Jan. 13, 2011) (Rule 35 "does not authorize a party to file a motion for his own physical examination"); *Berg v. Prison Health Services*, 376 Fed.Appx. 723, 724 (9th Cir. 2010), *cert. denied*, 131 S.Ct. 323 (Oct. 4, 2010) ("Rule 35 does not allow for a physical examination of oneself"); *Smith v. Carroll*, 602 F.Supp.2d 521, 526 (D. Del. 2009) ("Rule 35, however, does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself."); *Lindell v. Daley*, No. 02-C-459-C, 2003 WL 23111624, at *1-2 (W.D. Wi. June 30, 2003) ("The rule is not intended to cover a situation such as the one here, where plaintiff wishes an examination of himself. Obtaining evidence to prove his case is plaintiff's responsibility, not the government's."); *Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997) (upholding denial of inmate's Rule 35 motion where purpose was to obtain medical care).

In *Green v. Branson*, 108 F.3d 1296 (10th Cir. 1997), the Tenth Circuit upheld the trial court's denial of the inmate plaintiff's Rule 35 motion for a medication examination where the district court had concluded the inmate improperly sought the examination to obtain medical treatment and to complaint of deliberate indifference to his serious medical needs. *Id.* at 1304.

A magistrate judge in the Eastern District of California similarly ruled recently that "[t]he purpose of Rule 35 is to allow a movant to request examination of a party whose mental or physical condition is in controversy, not for a party to request examination of himself for purposes of supporting his claim." *Quintana*, 2012 WL5499872, at * 3.

Because Rule 35 does not permit a physical examination of oneself, Plaintiff's motion is **DENIED**.

///

///

**B. Application of Federal Rule of Evidence 706**

While Plaintiff's motion was not made under Federal Rule of Evidence 706, Plaintiff is essentially seeking the appointment of an expert to assist him in establishing his case. (*See* Doc. # 40 at 4 where Plaintiff states that he wishes to be examined by an HIV specialist "to prove to the court that [his] low CD4 numbers and poor state are the direct result of N.D.O.C.'s deliberate indifference.")

Federal Rule of Evidence 706 allows a party to move for an order or a court to *sua sponte* order "the parties to show cause why expert witnesses should not be appointed[.]" Fed. R. Evid. 706(a); *see also Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999) ("the district court also has the discretion to appoint an expert *sua sponte* under Federal Rule of Evidence 706(a)[.]"). Appointment of an expert witness is generally appropriate when "scientific, technical, or other specialized knowledge *will help the trier of fact to understand the evidence or to determine a fact in issue.*" Fed. R. Civ. P. 702(a) (emphasis added).

Cases interpreting Rule 706, however, state that the rule only allows the appointment of a *neutral* expert. *See Gorton v. Todd*, 793 F.Supp.2d 1171, 1177-78 (E.D. Cal. 2011) (citing *In re High Fructose Corn Syrup Antitrust Litigation*, 295 F.3d 651, 655 (7th Cir. 2002)); *Brown v. U.S.*, 74 Fed. Appx. 611, 614-15 (7th Cir. 2003) ("no civil litigant, even an indigent one, has a legal right…[to] compel the government to bear the cost and responsibility for hiring an expert witness to testify on his behalf in order to establish a fundamental element of his case") (also finding that the provisions of Rule 35 would not provide the plaintiff a mechanism for appointment of an expert).

Here, Plaintiff does not seek the appointment of a *neutral* expert to assist the fact finder in understanding the evidence; instead, he seeks the appointment of an expert who will champion his case which is not permitted under Rule 706. *See, e.g., Walker v. Federal Bureau of Prisons*, 1:11-cv-01317-JHH-JEO, 2012 WL 4711898, at * 3 ( N.D. Ala. Sept. 27, 2012) (denying request for appointment of expert under Rule 706 where expert was sought for plaintiff's benefit alone and not to aid the court). Because Plaintiff has not clearly demonstrated that the appointment of a *neutral* expert witness is necessary *to aid the fact finder in understanding the evidence*, the court will not undertake to appoint an expert witness at this juncture. The court may reconsider this option when it conducts the evidentiary hearing on Plaintiff's pending motion for temporary restraining order/preliminary injunction when it may be in a position to fully evaluate whether there is a need for the appointment of a neutral expert.

Even if Plaintiff could establish that a neutral expert witness would aid the fact finder in understanding the evidence in this case, he does not directly address who would bear the costs associated with the appointment of the expert. Expert witnesses are entitled to reasonable compensation and in a civil rights case shall be paid "by the parties in the proportion and at the time that the court directs[.]" Fed. R. Evid. 706(c), (2). Plaintiff presumably wants the entire cost associated with the appointment of an expert to be apportioned to Defendants. (*See* Doc. # 49 at 1 where Plaintiff states that NDOC is responsible for his medical expenses.) However, it is not entirely clear that the court is authorized to apportion all of the costs to Defendants. "The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress." *Tedder v. Odel*, 890 F.2d 210 (9th Cir. 1989). The in forma pauperis statute, 28 U.S.C. § 1915, does not authorize the expenditure of public funds for witnesses. *Id.; see also*

*Bontemps v. Lee*, No. 2:12-cv-0771 KJN P, 2013 WL 417790 (E.D. Cal. Jan. 31, 2013); *Lal v. Felker*, No. 2:07-cv-2060 KJM EFB, 2012 WL 3587786 (E.D. Cal. 2011) (citation omitted).

On the other hand, while no funds have been appropriated by Congress to compensate an expert witness in a civil rights case involving an indigent plaintiff, it does not necessarily mean the court is *precluded* from apportioning the costs to Defendants, in which case the funds used to pay for the expert witness would not come from appropriated funds. This squares with the Ninth Circuit's interpretation of Rule 706 as permitting the court, in an appropriate case, to "apportion all costs to one side." *McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991), *vacated and remanded on other grounds*, 503 U.S. 903 (1991). There, the Ninth Circuit explained: "Otherwise, we are faced with an inflexible rule that would prevent the district court from appointing an expert witness whenever one of the parties in an action is indigent, even when the expert would significantly help the court."

The court will confront the issue of apportionment of expert costs if and when a determination is made that the appointment of a neutral expert is necessary in this matter to aid the fact finder.

///

///

///

///

///

///

///

///

///

### III. CONCLUSION

The court recognizes that an inmate plaintiff is at a disadvantage when attempting to secure expert testimony, and also acknowledges the logistical hurdles Plaintiff would have to overcome in coordinating the examination he seeks. Nevertheless, the relief sought is not available to Plaintiff under Federal Rule of Civil Procedure 35, and it is not presently clear that an expert should be appointed under Federal Rule of Evidence 706. Accordingly, Plaintiff's motion (Doc. # 40) is **DENIED**.

**IT IS SO ORDERED**.

DATED:   October 24, 2013.

_____
**WILLIAM G. COBB**
**UNITED STATES MAGISTRATE JUDGE**