1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

7

8    SEAN DAVID COTTLE,                    ) 3:12-cv-00645-MMD-WGC
                                          )
9                  Plaintiff,             ) **ORDER**
                                          )
10   vs.                                  )
                                          )
11                                        )
     NEVADA DEPARTMENT OF                 )
12   CORRECTIONS, et. al.                 )
                                          )
13                 Defendants.            )
14   _____ )

15         Before the court are three motions to compel discovery filed by Plaintiff. (Docs. # 54,

16   # 55, # 56.)[1] Defendants filed a single opposition to all three motions. (Doc. # 60.)

17

18   **A. Motion to Compel re Physical Possession of Medical Records and Request for**
     **Reimbursement of Expenses (Doc. # 54)**
19

20         In his first motion to compel, Plaintiff asserts that he propounded a request for production

21   of documents pursuant to Federal Rule of Civil Procedure 34 for his medical records in the

22   "Renown" tab of his medical file which he estimates to be between seven and twenty pages.

23   (Doc. # 54 at 1-2.) In response, Defendants told Plaintiff he could review his records according

24   to NDOC procedure set forth in Administrative Regulation (AR) 639, which does not allow him

25   to physically possess the records. (*Id*. at 2.) Plaintiff contends he cannot properly litigate this

26   action without being able to possess the records. (*Id*.) In addition, Plaintiff requests an order that

27

28   _____
           [1]  Refers to court's docket number.

1

Defendants be required to pay the sum of ten cents per copy as reasonable expenses in connection with bringing this motion. (*Id*. at 1.)

Defendants contend that they have briefed the issue of possession of medical records in connection with their motion to file his medical records under seal that support their opposition to his request for injunctive relief (where Plaintiff concedes the records should be shielded from public viewing but contends he is entitled to possess them). (Doc. # 60.) Defendants assert that Plaintiff cannot physically possess the records for security reasons, but can kite to review them. Defendants further argue that Plaintiff's request for copying expenses should be denied because Rule 37(a)(4) provides for an award of costs if discovery responses are evasive or incomplete and that is not the case here.

The court will not interject itself in the minutia of prison administration insofar as the regulations governing the physical possession of medical records are concerned. Therefore, Plaintiff's motion to compel Defendants to allow him to possess the records in his cell (Doc. # 54) is **__DENIED__**. Plaintiff is instructed to kite the warden's office to review the relevant medical records to litigate this case. Should he choose to do so, Defendants are likewise instructed to afford Plaintiff a reasonable and meaningful opportunity to review and take notes of the records and tab any records for copying if necessary to submit in connection with a filing in this case. In addition, Plaintiff's request for expenses is **__DENIED__**.

**B. Motion for Order Compelling Discovery re Interrogatory 5 to Dr. Bannister (Doc. # 55)**

In his second motion, Plaintiff seeks an order compelling Dr. Bannister to fully respond to interrogatory 5. (Doc. # 55 at 1.) Interrogatory 5 asks Dr. Bannister to identify every lawsuit in which he has been a party and for each lawsuit to identify: (a) the date, place, court and case number; (b) the name of other parties to the lawsuit; (c) the nature of the lawsuit; and (d) the

present status of the lawsuit. (*Id*. at 2.) Dr. Bannister objected to the interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, seeks public records, and is overbroad. (*Id*.) Plaintiff states that he is entitled to discover this information because it will show a pattern of similar violations and/or medical abuse, whether Dr. Bannister was personally aware of prior incidents, and a pattern of bad faith conduct. (*Id*.)

Defendants maintain that Plaintiff's request for every lawsuit to ever name Dr. Bannister is overbroad, not relevant, and not likely to lead to the discovery of admissible evidence. (Doc. # 60.)

Plaintiff's action is centered on the allegation that he is receiving inadequate treatment for his HIV in prison. He seeks injunctive relief to improve his medical care. On screening, the court found that defendants Cox (Director of NDOC) and Dr. Bannister (then Medical Director of NDOC) are proper official capacity defendants to whom the court could direct an injunction if it finds there was deliberate indifference to his serious medical need. (*See* Doc. # 4 at 4.)

A finding of deliberate indifference involves the examination of two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's responses to that need." *McGuckin*, 974 F.2d at 1059; *see also Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is only present when a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Akhtar*, 698 F.3d at 1213 (quoting *Jett*, 439 F.3d at 1096)

3

(This second prong...is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."); *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir.  2002) (quoting *Farmer*, 511 U.S. at 858).

Plaintiff has not demonstrated how other lawsuits naming Dr. Bannister are relevant to this action, where deliberate indifference must be proven in the context of Plaintiff's HIV treatment. Moreover, his request is unlimited as to the subject matter of any other lawsuit, and is therefore overbroad. Defendants' objections are **<u>SUSTAINED</u>** and Plaintiff's motion to compel a response to interrogatory 5 is **<u>DENIED</u>**.

**C. Motion for Order Compelling Discovery re Request for Admission 20 (Doc. # 56)**

In his third motion, Plaintiff seeks an order compelling Dr. Bannister to fully answer request for admission  20. (Doc. # 56.) Request for admission 20 asks Dr. Bannister to admit that part of the *Riker v. Gibbons* class action settlement stated that chronic care inmates in poor control of their disease should be seen by a doctor/specialist every three months. Dr. Bannister asserted a relevance objection. In their opposition, Defendants maintain that the *Riker* case has no relevance to the instant action.

The court takes judicial notice of the settlement agreement entered into in *Riker v. Gibbons*, 3:08-cv-00115-LRH-VPC (*Riker* Doc. # 144-1). The class of plaintiffs in *Riker* is comprised of "all prisoners who are now, or in the future will be, in the custody of the Nevada Department of Corrections at Ely State Prison in Ely, Nevada." (*Riker* Doc. # 144-1 at 4 ¶ C.) Dr. Bannister was a defendant in *Riker*. (*Id.* ¶ B.) The plan adopted in *Riker* expired two years after the dismissal with prejudice of *Riker*, which occurred on October 28, 2010; therefore, the *Riker* plan expired October 28, 2012. While the instant action was filed on December 10, 2012, after the expiration of the *Riker* plan, the conduct alleged to violate the Constitution occurred

while the *Riker* plan was still in effect. Accordingly, the court finds the request seeks relevant information and Plaintiff's motion to compel a response to request for admission 20 (Doc. # 56) is **GRANTED**.

### CONCLUSION

(1) Plaintiff's first motion for an order compelling discovery (Doc. # 54) re physical possession of medical records is **DENIED**; however, Plaintiff may kite the warden to review his medical records in connection with this litigation and Defendants shall afford him a reasonable opportunity to review the records and take notes to prepare meaningful filings in this action;

(2) Plaintiff's second motion for an order compelling discovery (Doc. # 55) re interrogatory 5 to Dr. Bannister is **DENIED**;

(3) Plaintiff's third motion for an order compelling discovery (Doc. # 56) re request for admission 20 to Dr. Bannister is **GRANTED**. Dr. Bannister shall provide a response to request for admission 20 within **twenty days** of the date of this order.

**IT IS SO ORDERED**.

DATED:  October 30, 2013.


_____
**WILLIAM G. COBB**
**UNITED STATES MAGISTRATE JUDGE**