# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SEAN DAVID COTTLE, | 3:12-cv-00645-MMD-WGC |
| Plaintiff, | **REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| vs. | |
| NEVADA DEPARTMENT OF CORRECTIONS, et. al. | |
| Defendants. | |

    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

    Before the court are Plaintiff's: (1) motion for leave to amend (Doc. # 57)[1] and proposed amended complaint (Doc. # 57-1); (2) motion to attach exhibits from original complaint to amended complaint (Doc. # 58); and (3) motion to extend parts B and C of the amended complaint (Doc. # 59). Defendants have opposed the motion for leave to amend. (Doc. # 63.) After a thorough review, the court recommends that Plaintiff's motion for leave to amend (Doc. # 57) be granted in part and denied in part and that his remaining motions (Docs. # 58, # 59) be granted.

---

[1] Refers to court's docket number.

1

## I. BACKGROUND

At all relevant times, Plaintiff Sean D. Cottle was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Compl. (Doc. # 11).) The events giving rise to this litigation took place while Plaintiff was housed at High Desert State Prison (HDSP) and Ely State Prison (ESP). (*Id.*) Plaintiff, a pro se litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) Defendants are James Cox and Robert Bannister. (*See id.*, Screening Order (Doc. # 4).)

Plaintiff alleges that he is infected with human immunodeficiency virus (HIV). He contends that the treatment he receives in prison is inadequate. He maintains that his count of immune system CD4 cells has been dropping despite the treatment he has been provided, and when his count reaches 200 or less, he will have acquired immune deficiency virus (AIDS). Plaintiff avers that he is not receiving the medication or other treatment he needs to keep up his CD4 cell count. His original complaint seeks only equitable relief to improve his medical care.

This is Plaintiff's second motion for leave to amend in this action. (*See* Doc. # 19.) The first motion for leave to amend was denied by United States District Judge Miranda M. Du. (*See* Doc. # 34.)[2]

The court has reviewed the proposed amended complaint (Doc. # 57-1) and compared it with the operative complaint (Doc. # 11). The proposed amended complaint omits the claims that were not allowed to proceed after this matter was initially screened. In addition, it adds several allegations with respect to Dr. Bannister and amends the request for relief from seeking solely equitable relief (Doc. # 11 at 17) to seeking equitable relief as well as compensatory and punitive damages (against Dr. Bannister only). (Doc. # 57-1 at 13.) The substantive allegations remain

---

[2] A motion seeking reconsideration of that order is currently pending and may be rendered moot if the instant report and recommendation is adopted and accepted. (*See* Doc. # 39.)

largely the same except that Plaintiff adds averments to tie Dr. Bannister personally to the alleged constitutional deprivations, *i.e.,* that Dr. Bannister was the recipient of a grievance that put him on notice that Plaintiff was allegedly denied antiviral medication and treatment for HIV. Finally, the proposed amended complaint adds a claim of negligence against both defendants.

Defendants oppose the motion for leave to amend, arguing: (1) Plaintiff has added a negligence claim to circumvent the court's screening order which dismissed his medical malpractice claim; (2) Plaintiff has not explained why he should be allowed to amend his complaint; and (3) the proposed amendment to his request for relief is in bad faith because he now seeks $500,000 in damages.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). Otherwise, a party must seek leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2).

While the court should freely give leave to amend when justice requires, leave need not be granted where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted). Thus, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

In addition, the court is required to screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental

entity" and shall "dismiss the complaint, or any portion of the complaint" that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b).

### III. DISCUSSION

**A. Negligence**

First, the court agrees in part with Defendants' argument that it appears Plaintiff is attempting to circumvent the court's order dismissing a medical malpractice claim (*see* Doc. # 4 at 3) by asserting a claim for negligence. The court concludes this is the case as far as the negligence claim against Dr. Bannister is concerned; however, the court cannot come to the same conclusion with respect to the negligence claim against defendant Cox. Defendant Cox is the Director of NDOC, and not a medical professional. Thus, while the court recommends dismissal of the negligence claim against Dr. Bannister, Plaintiff should be permitted to assert a state law negligence claim against defendant Cox that need not be interpreted as a medical malpractice claim and the court may exercise supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367.

**B. Additional Allegations against Dr. Bannister re: Deliberate Indifference**

Defendants do not specifically address the additional averments contained in the proposed amended complaint concerning Dr. Bannister's personal involvement in the alleged denial or delay of medical care for his HIV. Plaintiff now alleges that Dr. Bannister was the recipient of a grievance which put him on notice of the lack of adequate care for his HIV yet did nothing to remedy the situation.

While Defendants generally state that amendment would cause prejudice and undue delay, they do not explain what prejudice or undue delay would result if the court permits

Plaintiff to amend his complaint. Nor can the court readily ascertain any obvious prejudice or undue delay. The central focus of Plaintiff's allegations remains the same, *i.e.*, that the provision of care for Plaintiff's HIV was inadequate and amounted to deliberate indifference. If Dr. Bannister was the recipient of Plaintiff's grievance regarding his care for this condition, as Plaintiff avers, then these additional allegations should come as no surprise to Dr. Bannister and are of the type that would logically be included in this sort of claim.

Accordingly, Plaintiff's motion for leave to amend should be granted insofar as Plaintiff seeks to include additional allegations against Dr. Bannister regarding his personal participation in the asserted Eighth Amendment violation.

**C. Damages**

Finally, the court notes that Defendants provide no explanation for their conclusion that Plaintiff's proposed amendment to include a request for damages is inappropriate other than the fact that they disagree with the requested amount of damages. The court disagrees with Defendants' characterization of the damages request as being in bad faith. It will be up to Plaintiff to prove the amount of damages to which he is entitled at the time of trial. This is not grounds to deny leave to amend.

Therefore, Plaintiff's motion for leave to amend should be granted to the extent he seeks to include a request for damages.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order:

(1) **GRANTING IN PART AND DENYING IN PART** Plaintiff's motion for leave to amend (Doc. # 57) such that Plaintiff's motion should be granted except that the **negligence** claim asserted against **Dr. Bannister** in **Count II** should be **DISMISSED**;

(2) Instructing the Clerk to **FILE** the Amended Complaint (Doc. # 57-1);

(3) **GRANTING** Plaintiff's motion to attach the exhibits from the original complaint to the amended complaint (Doc. # 58) and instructing the Clerk to **FILE** the exhibits to the original complaint along with the amended complaint so the amended complaint is complete in and of itself; and

(4) **GRANTING** Plaintiff's motion to extend parts B and C of the amended complaint (Doc. # 59) (which the court interprets as a request to extend the form complaint to include his additional allegations).

The parties should be aware of the following:

1.	That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.	That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.

DATED:  November 4, 2013.

	_____
	**WILLIAM G. COBB**
	**UNITED STATES MAGISTRATE JUDGE**