UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

SEAN DAVID COTTLE,

    Plaintiff,

v.

NEVADA DEPARTMENT OF CORRECTIONS, et al,

    Defendants.

Case No. 3:12-cv-00645-MMD-WGC

ORDER

    Before the Court is Magistrate Judge William J. Cobb's Report and Recommendation ("R&R") (dkt. no. 68) recommending that the Court: (1) grant in part and deny in part Plaintiff Sean David Cottle's motion for leave to amend (dkt. no. 57); (2) grant Plaintiff's motion to attach exhibits from the original complaint to the amended complaint (dkt. no. 58); and (3) grant Plaintiff's motion to extend parts B and C of the amended complaint (dkt. no. 59). Also before the Court is Plaintiff's motion to reconsider the Court's order denying Plaintiff's previous motion for leave to amend. (Dkt. no. 39.) For the reasons stated below, the R&R is accepted and adopted in full and Plaintiff's motion to reconsider (dkt. no. 39) is consequently denied as moot. No objections to the R&R were filed.

    This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to

which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection.").

Though no objection was filed in this case, the Court finds that it is appropriate to conduct a *de novo* review. Plaintiff alleges that he is infected with human immunodeficiency virus (HIV) and asserts that the treatment he receives in prison is inadequate. The proposed amended complaint ("Amended Complaint") removes claims that were not allowed to proceed after initial screening, adds allegations with respect to Dr. Robert Bannister, Medical Director of Nevada Department of Corrections ("NDOC"), adds a request for compensatory and punitive damages, and adds a claim of negligence against Dr. Bannister and James Cox, Director of NDOC. (*See* dkt. no. 57-1.) In their opposition, Defendants argue that the negligence claim is an attempt to re-file Plaintiff's medical malpractice claim, which was dismissed at the initial screening. (*See* dkt. no. 63 at 2–3.) Defendants also argue that Plaintiff's request for money damages is in bad faith. (*See id.* at 3.)

The R&R agrees with Defendants that the negligence claim asserted against Dr. Bannister is an attempt to circumvent the Court's order dismissing Plaintiff's medical malpractice claim. However, the R&R also finds that Plaintiff should be able to assert a negligence claim against Cox, as he is not a medical professional. The R&R further states that Plaintiff's money damages request is not in bad faith and that it will be up to

Plaintiff to prove the amount of damages at trial. Upon review of the filings and the record, the Court agrees with the R&R.

Plaintiff's motion to attach exhibits from the original complaint to Amended Complaint (dkt. no. 58) and Plaintiff's motion to extend parts B and C of Amended Complaint (dkt. no. 59) are unopposed and merely seek to add exhibits from the initial complaint and ensure that the portions of the Amended Complaint that were not written on the standardized form are still incorporated. As the Amended Complaint is now being approved by the Court, Plaintiff's motion asking the Court to reconsider its order denying a previous motion for leave to amend (dkt. no. 39) is moot.

It is hereby ordered that the R&R (dkt. no. 68), is accepted and adopted in full. Plaintiff's motion for leave to amend (dkt. no. 57) is granted in part and denied in part. The negligence claim asserted in Count II of the proposed amended complaint against Defendant Dr. Bannister (dkt. no. 57-1) is dismissed. Plaintiff's motion to attach exhibits from the original complaint to Amended Complaint (dkt. no. 58) and Plaintiff's motion to extend parts B and C of Amended Complaint (dkt. no. 59) are granted.

It is further ordered that Plaintiffs motion to reconsider (dkt. no. 39) is denied as moot.

The clerk is ordered to file the Amended Complaint (dkt. no. 57-1) and attach the exhibits from the initial complaint (dkt. nos. 1-7, 1-8, 1-9).

DATED THIS 25th day of November 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE