# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| SEAN DAVID COTTLE, | ) | 3:12-cv-00645-MMD-WGC |
| Plaintiff, | ) ) | **ORDER GRANTING MOTION TO SEAL** |
| vs. | ) ) | **ECF Nos. 136** |
| NEVADA DEPARTMENT OF CORRECTIONS, et al., | ) ) ) | |
| Defendants. | ) ) | |

Before the court is Defendants' Motion for Leave to File Medical Records under Seal in Support of Defendants' Opposition to Plaintiff's Second Motion to Enforce [#134]. (ECF No. 136.) Defendants seek to seal Exhibits B through E filed in support of their motion which contain portions of Plaintiff's Nevada Department of Corrections (NDOC) confidential institutional medical records.

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See id*. Otherwise, "a strong presumption in favor of access is the starting point." *Id*. (internal quotation marks and citation omitted).

When a motion to seal documents is filed in connection with a non-dispositive motion, "the usual presumption of the public's right of access is rebutted[,]" and requires only a showing of "good cause." *Kamakana*, 447 F.3d at 1180 ("A 'good cause' showing under Rule 26(c) will suffice to keep sealed

records attached to non-dispositive motions.").

The court recognizes that the need to protect medical privacy has qualified as a "compelling reason," for sealing records, and therefore, satisfies the "good cause" standard for documents filed in connection with a non-dispositive motion. *See, e.g., San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.,* 2011 WL89931, at *n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Employers Mut. Ins. Co.*, 2010 WL4715793, at * 1-2 (D. HI. Nov. 15, 2010); *G. v. Hawaii*, 2010 WL 267483, at *1-2 (D. HI. June 25, 2010)*; Wilkins v. Ahern,* 2010 WL3755654 (N.D. Cal. Sept. 24, 2010); *Lombardi v. TriWest Healthcare Alliance Corp.*, 2009 WL 1212170, at * 1 (D.Ariz. May 4, 2009).

Here, Exhibits B-E in ECF No. 37 contain Plaintiff's sensitive health information, medical history, and treatment records. Balancing the need for the public's access to information regarding Plaintiff's medical history, treatment, and condition against the need to maintain the confidentiality of Plaintiff's medical records weighs in favor of sealing these exhibits.  Therefore, Defendants' motion (ECF No. 136) is **GRANTED.**

**IT IS SO ORDERED.**

DATED:  December 17, 2015

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE