**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SEAN DAVID COTTLE, )<br>　　　　　　　　　　　　　　　　)<br>　　　　Plaintiff, 　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>　　vs. 　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>NEVADA DEPARTMENT OF 　　)<br>CORRECTIONS, et al.,　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>　　　　Defendants. 　　　　　　　)<br>_____) | 3:12-cv-00645-MMD-WGC<br><br>**ORDER GRANTING<br>MOTION TO SEAL**<br><br>**ECF Nos. 159** |

Before the court is Plaintiff's motion to seal ECF No. 158, a transcript of the February 2, 2016 motion hearing. (ECF No. 159.) Plaintiff states the transcript contains certain specific references and facts concerning Plaintiff's medical history and should be sealed to protect his medical privacy. (*Id*.)

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See id*. Otherwise, "a strong presumption in favor of access is the starting point." *Id*. (internal quotation marks and citation omitted).

When a motion to seal documents is filed in connection with a non-dispositive motion, "the usual presumption of the public's right of access is rebutted[,]" and requires only a showing of "good cause." *Kamakana*, 447 F.3d at 1180 ("A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.").

1    The court recognizes that the need to protect medical privacy has qualified as a "compelling reason," for sealing records, and therefore, satisfies the "good cause" standard for documents filed in connection with a non-dispositive motion. *See, e.g., San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.,* 2011 WL89931, at *n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Employers Mut. Ins. Co.*, 2010 WL4715793, at * 1-2 (D. HI. Nov. 15, 2010); *G. v. Hawaii*, 2010 WL 267483, at *1-2 (D. HI. June 25, 2010)*; Wilkins v. Ahern,* 2010 WL3755654 (N.D. Cal. Sept. 24, 2010); *Lombardi v. TriWest Healthcare Alliance Corp.*, 2009 WL 1212170, at * 1 (D.Ariz. May 4, 2009).

Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See Kamakana*, 447 F.3d at 1178. Otherwise, "a strong presumption in favor of access is the starting point." *Id*. (internal quotation marks and citation omitted).

"A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard," which means the party must " articulate[] compelling reasons supported by specific factual findings ... that outweigh the general history of access and the public policies favoring disclosure[.]" *Kamakana*, 447 F.3d at 1178 (internal quotation marks and citations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598).

The Ninth Circuit has applied the lesser "good cause" showing from Federal Rule of Civil Procedure 26(c) in some circumstances, such as when a party seeks to seal materials filed in connection with a discovery motion. *See id*. at 1179-80. Federal Rule of Civil Procedure 26(c) governs protective orders issued in the discovery process and provides: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R. Civ. P. 26(c).

Many courts within the Ninth Circuit, including this one, previously determined whether to apply the "compelling reasons" standard or the lesser "good cause" standard by looking at whether a motion

2

was dispositive or non-dispositive. *See Kamakana*, 447 F.3d at 1179; *see also Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

The Ninth Circuit recently clarified, however, that the key in determining which standard to apply is not whether the proposed sealed documents accompany a dispositive or non-dispositive motion. *Center for Auto Safety*, 809 F.3d at 1101. "Rather, public access will turn on whether the motion is more than tangentially related to the merits of a case." *Id*.

Here, Plaintiff seeks to seal the transcript of a motion hearing relating to terms of a settlement agreement and involved a discussion of Plaintiff's medical records, which tangentially relates to the merits of the case. Therefore, the court must apply the "compelling reasons" standard to determine whether or not the public should have access to the transcript.

This court, and others within the Ninth Circuit, have recognized on various occasions that the need to protect medical privacy qualifies as a "compelling reason" for sealing records. *See, e.g., San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.,* 2011 WL89931, at *n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Employers Mut. Ins.* Co., 2010 WL4715793, at * 1-2 (D. HI. Nov. 15, 2010); *G. v. Hawaii*, 2010 WL 267483, at *1-2 (D.HI. June 25, 2010)*; Wilkins v. Ahern,* 2010 WL3755654 (N.D. Cal. Sept. 24, 2010); *Lombardi v. TriWest Healthcare Alliance Corp.*, 2009 WL 1212170, at * 1 (D.Ariz. May 4, 2009).

Balancing the need for the public's access to information regarding Plaintiff's medical history, treatment, and condition against the need to maintain the confidentiality of Plaintiff's condition weighs in favor of sealing the transcript (ECF No. 158). Therefore, Plaintiff's motion (ECF No. 159) is **GRANTED.**

**IT IS SO ORDERED.**

DATED:  April 21, 2016

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE