UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SEAN D. COTTLE,<br><br>       Plaintiff,<br><br>vs.<br><br>JAMES COX, et al.,<br><br>       Defendants.<br>_____ | 3:12-cv-00645-MMD-WGC<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**<br><br>**Re: ECF Nos. 134, 146, 151 and 166** |

This report and recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. For the reasons stated herein, the court recommends that Plaintiff's request (ECF No. 166) to withdraw his motions for reconsideration and/or relief from judgment (ECF Nos. 134, 146, 151) be granted. Further, in view of the settlement and prior order that this case was administratively closed and because Plaintiff agrees the Defendants are in compliance with the terms and provisions of the settlement agreement (ECF Nos. 103-1 and 104 at 4-13), that Plaintiff's action be dismissed with prejudice and that a judgment of dismissal be entered herein.

**BACKGROUND**

Following a negotiated settlement of Plaintiff's claims on February 25, 2014, before Recalled Magistrate Judge Robert A. McQuaid, Jr. (ECF No. 99), the parties stipulated that the case be "administratively closed in accordance with the terms agreed upon by the parties." The terms upon which the parties agreed were set forth in a "Settlement Agreement and Full and Final Release" attached

to the stipulation. (ECF No. 103-1.) The Release discharged the Nevada Department of Corrections (NDOC), its Director James Cox and NDOC physician Dr Robert Bannister, as well as all other NDOC officers, directors, employees and former employees. (*Id.* at 2, fn.1.) Judge Du approved the stipulation and administratively closed the case. ECF No. 104.[1]

By way of further background information, the motions which are the subject of this Report and Recommendation, ECF Nos. 134, 146 and 151, were preceded by an earlier motion by Plaintiff to enforce settlement. (ECF No. 106.) Defendants responded and opposed the motion. Judge McQuaid conducted a hearing on Plaintiff's June 9, 2015 motion, and granted Plaintiff's motion in part. (ECF No. 114.)

Judge McQuaid's order was followed approximately two weeks later by another motion by Plaintiff to enforce settlement. (ECF No. 116; June 25, 2015.) Defendants responded on July 8, 2015, and opposed Plaintiff's motion. (ECF No. 120.) Judge McQuaid conducted a hearing on July 22, 2015, and denied Plaintiff's motion. (ECF No. 124.) Plaintiff appealed Judge McQuaid's decision to the Ninth Circuit Court of Appeals on July 30, 2015. (ECF No. 125.) On September 15, 2014, the Ninth Circuit granted Plaintiff's motion for a voluntary dismissal. (ECF No. 130.)

The Plaintiff thereafter filed another Motion to Enforce and/or Breach of Settlement Agreement (ECF No. 134), which motion is a component of this Report and Recommendation. Defendants responded (ECF No. 135) and Plaintiff replied (ECF No. 139). Judge McQuaid conducted a hearing on Plaintiff's motion on February 2, 2016. Judge McQuaid denied Plaintiff's motion. (ECF No. 145.)

Plaintiff thereafter filed both a motion for relief from judgment and/or reconsideration (ECF No. 146) and an appeal to the Ninth Circuit Court of Appeals (ECF No. 147). With respect to the appeal, the Ninth Circuit questioned whether it had jurisdiction over Appellant's appeal and directed Appellant to show cause why the appeal should not be dismissed for lack of jurisdiction or remanded to the District Court. The Ninth Circuit's order noted the parties had not consented to magistrate judge jurisdiction and as such questioned whether Magistrate Judge McQuaid had jurisdiction to render a decision that had a

---

[1] Due to the confidential medical information contained in the settlement agreement and Judge McQuaid's order sealing the recording of the terms of settlement (ECF No. 99), the undersigned entered an order sealing the settlement agreement appearing in ECF Nos. 103 and 104. (ECF No. 170.)

dispositive effect on the parties. (ECF No. 150.)

Plaintiff also filed a Motion for Re-Hearing on his Motion to Enforce Settlement (ECF No. 151) relating to Judge McQuaid's order.

On April 7, 2016, the undersigned entered an order that a transcript of the February 2, 2016 hearing before Judge McQuaid be prepared at court expense. (ECF No. 157); the transcript was sealed at Plaintiff's request (ECF No. 160).[2]

On May 17, 2016, the Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction. The court ruled that Judge McQuaid "lacked authority to render a post-judgment decision that has a dispositive effect on the parties." Hence, the court determined Judge McQuaid's decision was not final or appealable. (ECF No. 162.) The Ninth Circuit also noted that Plaintiff had pending before the District Court hearings on his motion for reconsideration/rehearing. (ECF No. 162 at 2.)

On June 20, 2016, the undersigned scheduled a hearing on Plaintiff's "Motion for Re-Hearing on Motion to Enforce Settlement Agreement Held on 2-2-2016 with a D.C. Judge" (ECF No. 151) for July 7, 2016.  (ECF No. 168.)

On June 29, 2016, Plaintiff filed a motion to vacate the July 7, 2016 hearing. (ECF No. 166.) The rationale Plaintiff provided for vacating the hearing was that the NDOC treating physician, Dr. Gedney, whose treatment was the subject of his earlier motion to enforce the settlement agreement, had departed NDOC, that he has been off his diet for 8 months, he has "given up on trying to get NDOC to follow a settlement agreement," and he will "leave NDOC in 1-1/2 so then I can receive constitutional medical care. Thank you for your time.  /s/ Sean Cottle."

In response to Plaintiff's motion to vacate the hearing on his motions for reconsideration, after outlining the relevant history of the case, the court entered an order as follows:

> In addition to requesting the court vacate the hearing on Plaintiff's motion, the court interprets Plaintiff's motion (ECF No. 166) as necessarily also requesting a withdrawal of the three underlying motions referred to above, ECF Nos. 134, 146 and 151. The court further interprets Plaintiff's statement that he leaves "NDOC in a 1½" to suggest a discharge from custody as an inmate in one and one-half months.  If the court has misinterpreted any aspect of Plaintiff's motion, Plaintiff shall **file** a notice with respect

---

[2] The court ordered a copy of the transcript be provided Plaintiff at the court's hearing on Plaintiff's motions on August 5, 2016.

3

to the court's withdrawal of his motions (ECF Nos. 134, 146 and 151) before **Noon on July 18, 2016.**

The courtroom administrator shall reschedule the hearing currently set for July 7, 2016, to a date subsequent to July 18, 2016, as soon as the court's calendar will accommodate it. Counsel for Defendants shall insure that Plaintiff receives a copy of this order prior to July 7, 2016.

If no such notice is filed by the stated deadline by Plaintiff, the court will grant Plaintiff's motion to vacate the hearing (ECF No. 166), and will withdraw Plaintiff's motions to enforce settlement agreement (ECF No. 134), for relief/reconsideration (ECF No. 146) and for rehearing (ECF No. 151). The court will further recommend to District Judge Miranda M. Du that the court enter a dismissal with prejudice of Plaintiff's action.

(ECF No. 167).

Subsequent to the court's order, Plaintiff did not file any notice suggesting the court had misinterpreted his motion (ECF No. 166) that not only did Plaintiff want to "dismiss the re-hearing" on No. 151, he was seeking to withdraw his underlying Motion to Enforce the Settlement Agreement (ECF No. 134) and his Motion for Relief from Judgment (ECF No. 146).

Despite Plaintiff's failure to file any notice to the court regarding its order entered on July 12, 2016, the court nevertheless rescheduled the hearing on Plaintiff's motions for Friday, August 5, 2016, at 10:00 a.m. The Office of the Attorney General was directed to arrange Plaintiff's appearance at the hearing by telephone. (ECF No. 168.)

## THE HEARING ON PLAINTIFF'S MOTION TO VACATE

As outlined above, although Plaintiff had previously requested the court vacate the hearing on his motion for reconsideration (ECF No. 166) and did not file any notice with respect to the court's order interpreting his notice as a request to withdraw his motions, the court proceeded with the August 5, 2016 hearing. The Plaintiff appeared telephonically. Defendants were represented by Deputy Attorney General Ian Carr.

The undersigned discussed at length Plaintiff's position with regard to his motions to enforce the settlement and for relief from judgment. (ECF No. 171.) Plaintiff explained that his complaint about the alleged breach of the settlement agreement pertained mainly to ¶ 6. (ECF Nos. 103-1 at 5; 104 at 5.) Plaintiff argued that a former NDOC physician, Dr. Gedney, had not complied with the terms and provisions of ¶ 6. The court noted that Dr. Gedney was not a party to the complaint underlying Plaintiff's civil rights actions nor was she a party to the settlement agreement; the Plaintiff agreed.

4

1   Plaintiff stated that he had commenced a separate civil rights action against Dr. Gedney but
2   admitted he had dismissed that action [3:15-cv-00542-MMD-WGC]. Plaintiff stated he did not pursue
3   this action against Dr. Gedney because of assertions his rights to privacy were not being respected. The
4   undersigned reminded Plaintiff that Judge Du, in her order of June 23, 2016 in the *Gedney* action,
5   advised Plaintiff that the court would seal any confidential medical records but that none had yet been
6   submitted to the court (ECF No. 21). Judge Du therefore deferred action on Plaintiff's motion for a
7   voluntary dismissal and gave Plaintiff 14 days to advise the court whether he would like to proceed on
8   his action against Dr. Gedney (*id.*).

9   On July 20, 2016, Judge Du entered an order which noted Plaintiff had not advised the court he
10  wanted to proceed with the action. The court therefore dismissed the *Gedney* action without prejudice
11  "based on Plaintiff's failure to notify the court that he would like to proceed." (3:15-cv-00542-MMD-
12  WGC, ECF No. 23 at 3.)

13  Plaintiff stated his sole complaint that there had been a breach of the settlement agreement in this
14  action (3:12-cv-00645) pertained to the medical care from Dr. Gedney while Plaintiff was housed at the
15  Ely State Prison (ESP). Plaintiff informed the court he was subsequently transferred to and remains
16  housed at Warm Springs Correctional Center (WSCC) in Carson City, Nevada. Plaintiff has no
17  complaint about the medical care he has received while at WSCC and that, as discussed above, his
18  previous complaint pertained to the medical care while at ESP by Dr. Gedney. He expects to be released
19  from custody in approximately one and a half years and anticipates he will continue to be housed at
20  WSCC until his release.

21  Plaintiff requested the court to order a "declaratory judgment" of sorts that the NDOC was and
22  is a party to the settlement agreement. The court advised Plaintiff that no motion for a declaratory
23  judgment was before the court but that according to the terms of the settlement agreement, NDOC was
24  clearly a party to the agreement. Deputy Attorney General Carr agreed with this assessment. Plaintiff
25  accepted this explanation.

26  Plaintiff stated that in view of NDOC's compliance with the settlement agreement and the
27  medical care he has received and anticipates receiving at WSCC, Plaintiff has no objection to
28  withdrawing his motions for reconsideration/relief from judgment and the dismissal with prejudice of

5

his civil rights action.

**RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that the District Judge:

(1) Grant Plaintiff's request (ECF No. 166) to withdraw his motions for reconsideration/relief from judgment (ECF Nos. 134, 146 and 151); and,

(2) Dismiss Plaintiff's action with prejudice and enter a judgment of dismissal.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: August 8, 2016.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE